### T. N. BEMUS v. V. M. DONIGAN.

Delivered January 5, 1898.

**Judgment Final—Plea of Setoff—Res Judicata.**

Where there was a verdict in the justice court simply finding for plaintiff, and judgment accordingly, such judgment finally disposed of the matters at issue between the parties, including a setoff pleaded by the defendant as to which testimony was introduced at the trial.

ERROR from Waller. Tried below before HON. A. G. LIPSCOMB.

*W. J. Poole,* for plaintiff in error.

*J. D. Harvey,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This suit was filed by appellee in the Justice Court on an account for $171.19. Appellant pleaded in reconvention the sum of $200 for damages sustained by the issuance of a writ of attachment in the case. The transcript from the justice's docket shows that the cause was tried by jury, and the following verdict was returned: "We the jury decide in favor of the plaintiff V. M. Donigan for the amount sued for, and for costs." Upon that verdict the judgment

of the justice court was rendered in favor of appellee for the amount of his account.

The cause was appealed to the County Court, where the cause was tried by jury, and resulted in verdict and judgment for appellee. Appellant moved in arrest of judgment, assigning as reasons that there was no final judgment in the Justice Court, nor in the County Court, because the plea in setoff had not been disposed of either in verdict or judgment.

It has heretofore been held by this court that a judgment for the plaintiff, in a case where there has been a plea in reconvention, and between the parties. Hoefling v. Dobbin, 40 S. W. Rep., 58; Lewis v. testimony thereon introduced, finally disposed of the matters in issue Smith, 43 S. W. Rep., 294. While the decision in the case first cited was reversed by the Supreme Court, yet it was on another and different point from the one now before us, and all other portions of the opinion were approved.

Our attention has been directed to the cases of Railway v. Stephenson, 26 Southwestern Reporter, 236, and Clopton v. Herring, Id., 1104, decided by Austin Court of Civil Appeals, where a contrary doctrine has been held, but no authority is cited by the judge rendering those opinions in support thereof, and we know of no authority that upholds them. The opinions of this court are fortified by Freeman in his work on judgments. He says: "There is no doubt that if a setoff is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, become res judicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed as though there were an express finding against it." Section 279.

Among other decisions cited in support of the text is the case of Green v. Sanborn, 150 Massachusetts, 224, 23 New England Reporter, 224, in which the facts were similar to those in this case, and the court held that a verdict for the plaintiff, and judgment thereon, was conclusive of the matter pleaded in reconvention. The case of Rackley v. Fowlkes (Texas Sup.), 36 Southwestern Reporter, 77, not directly in point, tends towards the same doctrine above stated, and holds that the presumption obtains that the court disposed of every issue presented by the pleadings. The recitals in the two judgments show that they were based upon verdicts rendered upon a full hearing of all the issues presented by the pleadings, and meant as distinctly as though stated in terms therein, that the claim in reconvention had been held to be without merit.

None of the other assignments of error requires discussion. Several of them can not be considered, because referring to matters growing out of the facts, and there is no statement of facts in the record. This court is unable to determine, in the absence of a statement of facts, whether the charge complained of was probably injurious to appellant or not. However erroneous it may be, in the light of the facts it may have been perfectly innocuous.

Appellant was not damaged by the judgment against Carson, Sewell & Co. as sureties on the replevy bond, and has no ground of complaint.

The judgment will be affirmed.

*Affirmed.*