### S. V. BIGGS ET AL. v. CHARLES H. LEFFINGWELL.

Decided November 16, 1910.

**1.—Riparian Rights—Injunction.**

A riparian owner has not·an unqualified common law right to have the waters of an adjacent stream flow by and over his land in its natural state and quantity, without regard to whether he has any immediate use for the water. Hence a bill for injunction by a riparian owner to restrain other riparian owners from diverting the water of such a stream to lands not riparian, is insufficient when it fails to show that the petitioner has immediate use for the water and will suffer damage unless the defendants are restrained.

**2.—Same.**

A petition for injunction to restrain the defendants from using the water of a river upon non-riparian land, considered, and held insufficient to warrant the issuance of the writ.

Appeal from the District Court of Ward County. Tried below before Hon. S. J. Isaacks.

*Lee Monroe, W. S. Roark* and *W. M. Hubbard,* for appellants.—When it appears from the applicant's verified statements that he has no grounds for apprehension of immediate injury to the rights he claims, the granting of a preliminary injunction is an abuse of judicial discretion. Beach on Injunctions, secs. 117, 118; Rend v. Venture Oil Co., 48 Fed., 248; Swan v. City of Indianola, 121 N. W., 547; Holbein v. De La Garza, 126 S. W., 43; citing Joyce on Inju., 139, and Indian River S. Co. v. East C. Trans. Co., 10 So., 480, 29 Am. St. Rep., 258.

When it appears from the applicant's verified statements that he is threatened by no immediate injury if the injunction is not granted, and that great injury threatens the defendants if the injunction is granted, a court of equity in the exercises of a sound discretion must deny the injunction, *pendente lite.* Jeff Chaison Townsite Co. v. McFaddin, 121 S. W., 716; Beach on Injunctions, sec. 118; High on Injunctions, sec. 598; Rend v. Venture Oil Co., 48 Fed. Rep., 248 (*supra*); Meyers v. Duluth Transf. Co., 55 N. W., 140; Amelia Milling Co. v. Tenn. C. & L. Co., 123 Fed., 811.

When it is sought to restrain the prosecution of an enterprise of a *quasi* public nature the court should consider how far public interests may be affected by a suspension of the undertaking. Beach on Injunctions, sec. 118 (*supra*); Meyers v. Duluth Transf. Co., 55 N. W., 140 (*supra*).

To entitle an applicant to a preliminary injunction he must show a clear legal or equitable interest or right which is to be protected. City

of Paris v. Sturgeon, 110 S. W., 459; Rend v. Venture Oil Co., 48 Fed., 248 (supra); 16 Am. & Eng. Ency., 347; Morse v. Machias Water Co., 42 Me., 119; Maryland Savings Inst. v. Schroeder, 29 Am. Dec., 528; Wood v. Cook, 117 N. Y. Suppl., 51; Cent. Stockyards Co. v. L. & N. R. R. Co., 112 Fed. Rep., 823; Amelia Milling Co. v. Tenn. C. & I. Co., 123 Fed. Rep., 811.

A riparian proprietor, as such, is not entitled to restrain, *in toto,* the diversion to non-riparian land of any and all waters of the river, including ordinary flow and storm or flood waters thereof. Modoc Land & Livestock Co. v. Booth, 36 Pac., 431; Fifield v. Spring Valley Waterworks, 62 Pac., 1054; Edgar v. Stevenson, 11 Pac., 704; Heilbron v. 76 Land & Water Co., 22 Pac., 62; Miller v. Bay Cities Water Co., 107 Pac., 115; case note to Miller & Lux v. Madera Canal & I. Co., 22 L. R. A. (N. S.), 391.

*McKenzie & Brady,* for appellee.—A non-riparian owner has no rights in the waters of a stream as against a riparian owner. Watkins Land Co. v. Clements, 86 S. W., 733; Mud Creek Irrigation Co. v. Vivian, 74 Texas, 170; Barrett v. Metcalfe, 33 S. W., 758; Miller & Lux v. Madera Canal & I. Co., 99 Pac., 502; 22 L. R. A. (new series), 391; 2 Farnam on Waters, secs. 464, 464a.

The waters taken from a running stream for the purpose of irrigation which are not used and disposed of in a beneficial way for the purpose of irrigation, must be conducted back to the stream from which they were taken through a ditch or canal constructed in accordance with the statutes of this State, or through a natural channel leading back to said stream and above plaintiff's lands. Rev. Stats., art. 3127.

CONNER, CHIEF JUSTICE.—This is an appeal from an order of the judge of the Seventieth Judicial District made in vacation, and without notice, granting an injunction on the application of appellee, Charles H. Leffingwell, restraining appellants from the use of the waters of the Pecos River upon certain non-riparian lands described in the petition, and limiting appellants to the use of their just proportion of water upon their riparian lands.

Omitting mere generalities and legal conclusions, the petition in substance is that appellee is the owner of a section of land fronting on said river and riparian to it; that defendants own certain riparian lands above that of the plaintiff upon which they are operating an irrigation system, and are also using the waters of said river to irrigate certain other lands not riparian to the river, and are wasting large quantities of water without making provision for its return to the river above plaintiff, etc. It is alleged that the lands described in the petition are situated in Ward County within the arid district of Texas; that they are principally valuable when irrigated; that plaintiff's land is susceptible of irrigation and that the use of the waters by defendants in the

manner and to the extent described will largely destroy the value of plaintiff's land and cause him irreparable damage.

.  Several interesting and important questions have been presented but in the view we have taken of the present proceeding it does not become necessary to determine the ultimate rights of the parties, or to discuss to what extent, if at all, our laws on the subject of irrigation and our situation as a people, may have modified the common law on the subject of riparian rights.  We deem it sufficient to now say that appellee's petition in our judgment fails to show that he was entitled to the temporary relief invoked and received by him.  The petition fails to show that appellee's land is now being used or intended for immediate use, or is prepared for agricultural or other purposes, rendering the use of the waters of the Pecos River either necessary or beneficial.  The order is defended on the broad ground that appellee, as against the non-riparian land, has the unqualified common law right to have the water flow over and by his land in its natural state and quantity, and that it "is immaterial as to whether the plaintiff desires to use said water at the present time or in the future."

In every system of judicature the remedy of injunction is classed as a harsh one and not to be awarded save when necessary to preserve some right of the complaining party.  Beach on Injunctions, secs. 117 and 118; Rend v. Venture Oil Co., 48 Fed. Rep., 248; Swan v. City of Indianola, 121 N. W., 547; Holbein v. De La Garza, 59 Texas Civ. App., 125 (126 S. W., 43).  This principle is expressly voiced by our statute authorizing the issuance of injunctions, as finally amended by Act approved April 22, 1909.  (See General Laws, 1909, page 354.)  This law provides, so far as here applicable, that: "Judges of the District and County Courts shall, either in term time or vacation, hear and determine all applications, and may grant writs of injunction returnable to said courts in the following cases:  (1) Where it shall appear that the party applying for such writ is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to the appellant."  Under this statute, to entitle appellee to a temporary injunction it must appear not only that he is entitled to relief, but that such relief requires the restraint of acts prejudicial to him.  The general rule relating to preliminary injunctions is stated in language applicable here by Judge Reed in the case of Rend v. Venture Oil Co., *supra,* viz.:

"The complainant must show a clear legal or equitable interest or right which is to be protected; that there must be a well grounded apprehension of immediate injury to those interests or rights, and a clear necessity must be shown of immediate protection to such interest or right, which would otherwise be seriously injured or impaired.  If it appears that the preliminary injunction is not necessary to preserve interests or property *in statu quo* until final hearing, and the rights of the complainant will suffer no serious injury until that time or that the injury threatened is of such nature that it can be remedied on final hearing,

then the injunction ought not to be granted. And so if it appears that the complainant's rights are not sufficiently clear, and the considerations of respective convenience or inconvenience to parties complainant and defendant, when balanced, show that serious injury may be done to the defendant by the granting of the injunction, and no serious injury will be done to the complainant by withholding it until final hearing, then the injunction ought not to be granted. Other considerations may have at times been held as controlling in special cases, but the general rules, as I have stated, are those which have been held as governing the discretion which is to be exercised in passing upon such motions."

Under certain circumstances the Legislature (Revised Statutes, art. 3115 et seq.) has declared that unappropriated waters of flowing rivers and storm waters may be acquired for irrigation and other purposes, thus favoring the reclamation of arid portions of the State, and it may be, as can fairly be inferred from the petition, that a considerable area of agricultural land and many persons will be seriously affected by the sudden and continued deprivation of water. In the end, this consequence may be necessary to appellee's right, but it is not immediately required and ought not to be brought about to satisfy a mere artistic desire to see unappropriated and waste water flow by appellee's survey on its way to the sea. The only immediate necessity alleged is that the temporary order and writ is required to prevent appellants from obtaining a prescriptive right to appellee's just proportion of water as a riparian owner. The institution of the suit, however, has this effect, so that, as before said, no fact is stated in appellee's petition which requires the temporary injunction.

We accordingly conclude that the order for injunction should be vacated and set aside, and that the temporary writ of injunction should be dissolved, and it is so ordered.

*Injunction dissolved.*