SAPP v. ANDERSON.

(Court of Civil Appeals of Texas. March 1, 1911. Rehearing Denied April 5, 1911.)

JUSTICES OF THE PEACE (§ 146*)—APPEAL—"FINAL JUDGMENT."

A judgment in justice's court for plaintiff without disposing of defendant's plea in reconvention is not a final judgment within Rev. St. 1895, art. 1668, authorizing appeals from final judgments in justice's court to the county court; a final judgment disposing of the entire matter in controversy.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 146.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by Levi Anderson against Frank Sapp. From a judgment of the county court dismissing the appeal of defendant from a judgment of the justice's court, defendant appeals. Affirmed.

John B. Durrett, for appellant. J. H. Evetts, Winbourn Pearce, and A. L. Curtis, for appellee.

RICE, J. Appellee, Anderson, brought this suit in the justice court against appellant to recover $75 as damages for breach of contract in building a storehouse in the town of Killeen. Appellant replied by general denial, special plea in bar, and also by way of counterclaim and plea in reconvention for the sum of $113.50. There was a jury trial in the justice court, resulting in a verdict for plaintiff for the sum of $50, and judgment was rendered thereon accordingly in his favor for said amount. Neither the verdict nor the judgment disposed of appellant's plea in reconvention. On appeal to the county court, appellee filed a motion to dismiss the appeal on the ground that it is apparent from the record that no final judgment had been rendered in the justice's court, in that the same had not disposed of defendant's cross-bill and plea in reconvention. The county court sustained this motion and dismissed the appeal, from which judgment this appeal is prosecuted, and the only question for determination is the correctness of its judgment in so doing.

Appellant assigns error on the action of the court in dismissing his appeal, asserting that the judgment of the justice's court was final. By article 1668 of the Revised Statutes, it is provided that any party to a final judgment in a justice court may appeal therefrom to the county court. Hence it follows

---

that, if the judgment of the justice's court in this case was final, appellant was entitled to appeal therefrom; otherwise not. It is said in Linn v. Arambould, 55 Tex. 611, quoting from Justice Smith on the subject of the finality of a judgment, that: "When the whole of the matter in controversy is disposed of as to all the parties, then there is a final judgment, and not before, from which an appeal or writ of error can be taken." Mr. Freeman on Judgments, § 29, says: "A final decree is one which disposes of the cause, either by sending it out of the court before a hearing is had on the merits, or after a hearing on the merits, decreeing either in favor of or against the prayer of the bill. But no order or decree which does not preclude further proceedings in the case in the court below should be considered final." So that, if the judgment of the justice's court failed to dispose of all the issues presented by the pleadings, then, according to the above authorities, the same was not final. A specific issue was raised by the defendant's plea in reconvention, upon which he was entitled to be heard, and upon which it was the duty of the jury and the court to pass in the verdict and judgment. The exact question here presented has been determined by this court adversely to appellant's contention. In the case of Gulf, Colorado & Santa Fé Ry. Co v. Stephenson et al., 26 S. W. 236, Chief Justice Fisher said: "The petition for injunction discloses that the justice's court rendered the judgment, execution of which is sought to be restrained, in such a way as not to dispose of all the issues presented by the pleadings. A judgment in favor of the plaintiff will, as to purely matters of defense, he held to dispose of such defenses as may be pleaded without the necessity of the judgment's making any express disposition of them; but when the answer presents, in the nature of a cross-bill or plea in reconvention, a cause of action against the plaintiff, upon which the defendant asks affirmative relief, an issue is raised that is as important to be disposed of as is that presented by the petition of the plaintiff. The rule is well settled in this state that, in order for the judgment to be final, it must dispose of the issues presented. The judgment of the justice court did not dispose of the issue raised by the plea in reconvention or cross-bill, nor was this issue acted upon in any way by that court. This was essential to be done in order that the judgment rendered by the justice may be final."

In Clopton v. Herring, 26 S. W. 1104, the same ruling was made, and the doctrine announced in G., C. & S. F. Ry. Co. v. Stephenson, supra, was referred to and expressly approved. In Huggins v. Reynolds, 51 Tex. Civ. App. 504, 112 S. W. 116, Chief Justice Conner of the Second District said: "Appellee was a tenant of appellant and instituted suit in the justice's court upon an account aggregating $96. The landlord, Huggins, replied

with a counterclaim, aggregating $105.70. In the justice court appellee Reynolds failed to recover, and appealed his case to the county court of Clay county. The trial then resulted in a general verdict for appellee in the sum of $45.93, from which this appeal has been prosecuted. On a former day of the term the appeal was dismissed, because the transcript as then appearing failed to show a disposition in the justice's court of appellant's counterclaim. But since that time the record has been corrected in this respect, and we now therefore set aside the former judgment of dismissal, and proceed to determine the question presented by the assignments." See, also, the case of Pecos & N. T. Ry. Co. et al. v. Epps & Matzler, 117 S. W. 1012, wherein Justice Levy of the Sixth District announces the same doctrine; also the case of American Road Machine Co. v. City of Crockett, 49 S. W. 251, in which appellant sued appellee in justice court on a note for $225 executed by Duren, its secretary and J. W. Hall, its mayor, upon which there was a credit of $100. Appellee pleaded that the makers of said note had no authority from the city of Crockett to execute the same, and set up that the $100 credit on the note was obtained without the knowledge or consent of said city, and prayed for judgment for that sum against appellant. The justice of the peace rendered judgment that the plaintiff take nothing by his suit, and "that the defendant have and recover of and from the plaintiff all costs in this behalf incurred, for which execution may issue." On appeal to the county court, the same was dismissed because there had been no final judgment rendered by the justice of the peace, in that the $100 pleaded in reconvention by appellee had not been disposed of. Justice Fly of the Fourth District, in rendering the opinion of the court, says: "We are of the opinion that the case was properly dismissed. The answer of the appellee in the justice's court stated a cause of action against appellant, and no action whatever seems to have been taken in regard to it; but, on the other hand, one branch of the case—that raised by appellant —was tried, and no disposal was made of that raised by appellee. The city of Crockett would not be precluded by the judgment from instituting suit and obtaining judgment for the $100"—citing in support thereof Freeman on Judgments, § 12. Prior to the rendition of the opinion in this last case said court had in the cases of Lewis v. Smith, 43 S. W. 294, Bemus v. Donigan, 18 Tex. Civ. App. 125, 43 S. W. 1052, and Hoefling v. Dobbins, 40 S. W. 58, held, as we understand those opinions, to the reverse of the doctrine above announced, and undertook in the case quoted from, to distinguish those cases from it. We are unable, however, to perceive any difference in principle between them. But, be this as it may, we believe the weight of authority, as well as the better reason, supports the doctrine announced by Chief Justice Fisher

in Gulf, Colorado & Santa Fé Ry. Co. v. Stephenson, supra; and therefore hold that the trial court did not err in dismissing appellant's appeal, for which reason its judgment is affirmed.

Affirmed.