BLACK et al. v. FEENEY.

(Court of Civil Appeals of Texas. San Antonio. May 3, 1911. Rehearing Denied May 31, 1911.)

TRIAL (§ 343*)—VERDICT—DETERMINATION OF ISSUES—BASIS FOR JUDGMENT.

Where plaintiff sues to recover land, claiming to be the owner of land within a disputed division line, and defendant brings a cross-action alleging himself to be the owner of the land in dispute, and praying for judgment against the plaintiff for the same, a verdict for defendant necessarily determines the matters involved in the cross-action, and disposes of all the issues so as to constitute a basis of judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

Appeal from District Court, Ft. Bend County; Wells Thompson, Judge.

Action by Ophelia Black and husband against Michael Feeney for the recovery of land, with cross-action by defendant alleging himself to be the owner of the land. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. C. Mitchell, for appellants.

JAMES, C. J. This action involved the position of a dividing line; the appellant Ophelia Black claiming to be the owner of a strip or parcel of land describing it as a part of the G. W. Cartwright survey, while defendant Feeney claimed it as being a part of the adjoining Stephen Habermacher survey, and by cross-action alleged himself to be the own-

er of the land as he described it, and prayed that he have judgment against plaintiffs for same and judgment establishing the line between said surveys accordingly, etc. There is no statement of facts; and the charge submitted the issue as to the true line between the surveys, the court instructing the jury to find for the plaintiff if the land described in a certain deed to plaintiff Ophelia Black was her separate property, and the dividing line between the surveys was a certain line known as the "Farr line," and, if the evidence failed to establish either of these facts, to find for the defendant. The verdict was "for the defendant."

The sole assignment of error presented in the brief of appellants is: "The verdict of the jury does not dispose of the cause of action alleged by the appellee, Michael Feeney, against the appellants for the recovery of the title and possession of the tract of land out of the Stephen Habermacher grant alleged by defendant Feeney in his first amended answer as a cross-bill and plea in reconvention." The proposition asserted is that the verdict must dispose of all the issues in order to constitute the basis of the judgment.

The proposition of law is indisputable. But it is clear from the pleadings and charges that the issue between said Cartwright and Habermacher surveys, and the title of the parties to the land involved and claimed by them respectively, depended on the position of such line. The verdict "for the defendant" necessarily determined the matter involved in the cross-action.

The judgment is affirmed.