PRITCHARD RICE MILLING CO. v. JONES.

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1911. Rehearing Denied Nov. 22, 1911.)

1. NEW TRIAL (§ 128*)—MOTION—SPECIFICATION OF ERROR—SUFFICIENCY.

A specification of error in a motion for new trial that the verdict is excessive, and finds an amount greater than all the testimony warrants, is too general to require consideration.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 262; Dec. Dig. § 128.*]

2. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error that the verdict is excessive and finds an amount greater than the testimony warrants is too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3017; Dec. Dig. § 731.*]

3. TRIAL (§ 329*)—VERDICT—RESPONSIVENESS TO ISSUES.

Where the court correctly submitted the issues raised by a cross-action, a verdict for

plaintiff disposed of the cross-action and the judgment on the verdict was not objectionable as based on a verdict which did not dispose of the issues.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 329.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by H. N. Jones against the Pritchard Rice Milling Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lane, Wolters & Storey and Wm. A. Vinson, for appellant. Love & Channell, for appellee.

JAMES, C. J. The action was brought by Jones to recover of appellant a balance alleged to be due him on a building contract for the erection of certain rice mill buildings. He alleged that the buildings had been erected according to the contract and modifications thereof made by defendant from time to time, and that he had performed certain extra work at the request of defendant, and was entitled to recover the contract price and the reasonable price of the extra work, all of which had been paid except the balance alleged and sued for. Defendant pleaded general denial and interposed a plea in reconvention or cross-action, alleging, in substance, that none of the buildings were constructed in accordance with the contract, but that the same were improperly and defectively constructed in various respects on account of which defendant had been damaged in sums exceeding $20,000, for which he asked judgment. There was a verdict for plaintiff for $7,247.39, with interest, upon which judgment was entered that plaintiff recover that sum, and that defendant take nothing by its cross-action.

The first assignment of error reads as follows: "The verdict of the jury is excessive, and finds against defendant an amount greater than all the testimony in the case will warrant." The amended motion for new trial set forth the grounds for the claim of excessiveness of the verdict as follows: "Because the verdict of the jury is excessive, and finds against the defendant an amount greater than all the testimony in the case will warrant."

[1, 2] That this specification of error in the motion for new trial is too general to have required the trial judge to consider it is settled by the decisions in this state beyond any question. The same with reference to the assignment of error as a sufficient assignment to warrant this court to go into the matter. Tudor v. Hodges, 71 Tex. 394, 9 S. W. 443; Galveston v. Devlin, 84 Tex. 326, 19 S. W. 395; Railway v. Hinzie, 82 Tex. 623, 18 S. W. 681; White v. Wadlington, 78 Tex. 159, 14 S. W. 296; Degener v. O'Leary, 85 Tex. 171, 19 S. W. 1004; Railway v. Scharbauer (Civ. App.) 52 S. W. 589; Rail-

way Co. v. Conring (Civ. App.) 33 S. W. 548. Considering the voluminous statement of facts in this case, the propriety and wisdom of the rule is apparent. The trial court could not have been expected to review all the evidence for the purpose of testing the soundness of the verdict as to amount, when the motion did not undertake even to state in what respect the excess was claimed to exist.

[3] The second assignment is, in substance, that the verdict did not dispose of defendant's cross-action, and the judgment entered upon the verdict was for this reason unauthorized.

It is not contended that the charge did not submit and submit properly the issues raised by the cross-action. The contention simply is that the verdict in itself did not expressly find against the cross-action. In the manner in which we find the issues submitted and the jury directed the verdict involved a disposition of the cross-action against defendant.

Judgment affirmed.