KNOX CITY MILLING CO. et al. v. FARMERS' STATE BANK OF KNOX CITY.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 4, 1911.)

TRIAL (§ 329*)—VERDICT—SUFFICIENCY—RESPONSIVENESS TO ISSUES.

Where plaintiff's cause of action and defendants' pleas of reconvention for wrongful attachment were submitted to the jury, a verdict merely finding for "plaintiff the amount prayed for in his petition" is insufficient, for failing to find on the pleas.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

Appeal from District Court, Knox County; Jo A. P. Dickson, Judge.

Action by the Farmers' State Bank of Knox City against the Knox City Milling Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Coombes & Coombes and R. E. Carswell, for appellants. Jas. A. Stephens, for appellee.

SPEER, J. This is an action of debt by the Farmers' State Bank of Knox City against the Knox City Milling Company, a corporation, and J. W. Moore, seeking also a foreclosure of a vendor's lien upon certain flouring mill property alleged to belong to the defendant corporation. The defendants answered, and in addition to the general issue each pleaded in reconvention for damages for

the alleged wrongful suing out and levy of a writ of attachment in the cause. The plaintiff's cause of action and the reconvention of the two defendants were submitted to the jury, and the following verdict was returned: "We, the jury, find for plaintiff the amount prayed for in his petition. [Signed] J. W. Hinton, Foreman." Upon this verdict the trial court entered judgment in favor of the plaintiff for the amount sued for, decreed a foreclosure of the alleged vendor's lien, and further entered judgment that the defendants take nothing by their cross-action, etc. From this judgment the defendants have appealed.

At the threshold of the consideration of the case we are forced to sustain the assignment that the judgment entered is not supported by the verdict returned. In the early case of May v. Taylor, 22 Tex. 349, the cause was thus submitted to the jury: "In this case, gentlemen, you should find for the plaintiff the amount of the note sued on." The jury did as directed, and the trial court thereupon entered up judgment for the amount of the note, with interest, and a decree of foreclosure of a mortgage, ordering the sale of the mortgaged premises. Justice Roberts said: "The judgment was rendered, not only upon the note, but also upon the mortgage, concerning which there was no finding in the verdict. The province of the verdict is to declare the facts upon which the judgment is to be predicated. The existence of the mortgage, as well as the note, was put in issue, and the entire omission of a finding upon the mortgage is fatal to the judgment so far as it relates to the mortgage." The judgment was reversed. This language was quoted with approval in the more recent case of Ablowich v. National Bank, 95 Tex. 429, 67 S. W. 79, 881, where the same doctrine is announced in the following language: "When a jury has been demanded by either party, he is entitled to have every material issue made by the pleading and the evidence submitted to that jury, and the trial court cannot enter a judgment upon a verdict which fails to pass upon any material issue submitted to the jury, unless it be in case of a special verdict which is provided for by statute." Here, as before stated, the issues presented by the defendants' pleas of reconvention were distinctly submitted to the jury; but no finding as to them made, unless the verdict in favor of the plaintiff implies such finding. We do not think this effect can be given to it. The language of the verdict is very apt when applied to the issue presented by the plaintiff, but inapt when applied to the issues presented by the defendants.

In view of a reversal for this error, it would be improper to discuss the sufficiency of the evidence even to sustain the judgment upon these issues, and we will not do so.

Other questions presented, such as the improper argument of counsel, could hardly arise on another trial, and need not be discussed.

For the error above indicated, the judgment is reversed, and the cause remanded.