## LEWIS v. KELLEY et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 16, 1912.)

1. JUSTICES OF THE PEACE (§ 146*)—JUDGMENT—FINAL JUDGMENT.

Where a judgment granted in justice's court in an action for damages wherein the defendant denied liability and pleaded a set-off, found for the plaintiff in the full amount claimed, but made no reference to defendant's cross-action, it did not clearly state a determination of the rights of the parties in the subject-matter of controversy, as required by Rev. St. 1895, art. 1643, and was not final.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 490–492; Dec. Dig. § 146.*]

2. JUSTICES OF THE PEACE (§ 128*)—JUDGMENT—ENFORCEMENT—INJUNCTION.

Where a judgment rendered for the plaintiff in justice's court is not final, and the justice of the peace refuses on request to correct it, and the defendant is thereby, under Rev. St. 1895, art. 1668, which allows appeals only from final judgments, deprived of his right of appeal, he may perpetually enjoin a sale of property seized under an execution issued upon such judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. § 128.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by J. R. Lewis against E. B. Kelley and others. From a judgment dissolving an injunction granted to the plaintiff, plaintiff appeals. Reversed, and a perpetual injunction granted.

Preston Martin, of Weatherford, and Hunter & Hunter, of Ft. Worth, for appellant. Stennis & Wilson, of Weatherford, for appellees.

CONNER, C. J. This suit was instituted by J. R. Lewis in the district court of Parker county to enjoin the sale of a certain well drill and gasoline engine levied upon to satisfy a judgment against appellant obtained in 1908 by Jack and L. F. Thomas in the justice's court of precinct No. 1, Parker county. A preliminary injunction was issued pursuant to the order of the district judge, but upon final hearing it was dissolved, and this appeal has been prosecuted from the judgment of dissolution.

There is little or no dispute in the evidence; the facts being substantially as follows: In March, 1907, appellant, Lewis, sold and delivered to Jack and L. F. Thomas an engine and well drill for the agreed price of $585. During the summer of that year appellant repaired the engine at an alleged expense to him of $83 in labor and material, and for which he made demand. Later the defendants filed a suit against the appellant Lewis in the justice's court of precinct No. 1, Parker county, for damages in the sum of $200, on the ground, briefly, that the engine delivered was not of the material and quality guaranteed. In answer to this suit appellant denied the cause of action against him, and pleaded in reconvention, or as a set-off, the said sum of $83. The case was tried, a jury being waived, in the justice's court on September 3, 1908; both parties being fully heard upon their several pleas. The justice of the peace took the case under advisement, but did not determine the controversy during the term at which the trial had been had, nor until several terms thereafter, to wit, until the December term of his court in 1908, when the justice entered upon his docket a general judgment in favor of Jack and L. F. Thomas for the sum of $150. The judgment recited a finding of the court that the engine was not as it had been warranted, assessed the damages in the sum named, awarded interest and costs, but wholly omitted any reference to the cross-action of the defendant, Lewis. Later the defendant, Lewis, filed a motion to set aside the judgment on the ground that it was not "a final judgment, in that it did not dispose of the defendant's special answer and cross-action," but the record fails to show any action upon this motion, and no appeal from the judgment as entered was ever taken.

[1] Waiving, as unnecessary, a discussion of the effect of the delay of the justice in

entering the judgment, we are of the opinion that there is error in the judgment of the district court. The question presented is not one 'of fact, for there is no conflict in the evidence, but one of law; that is, under the undisputed facts, what is the proper construction to be given to the justice's judgment? It seems clear that the offset pleaded by appellant Lewis in the justice's court constitutes an affirmative cause of action without reference to the cause of action asserted by the plaintiffs in that court, one upon which appellant would have been entitled to be heard even had the plaintiff taken a nonsuit. As to this cross-plea, appellant was as truly in the attitude of a plaintiff as his adversaries. It is also clear that the judgment under consideration fails to affirmatively dispose of the cross-plea, though clearly presented as an issue in the pleadings, in the evidence, and before the court trying the case. Nor can it be said that from the character of the plaintiffs' claim for damages in that suit, which is unliquidated, or from evidence shown in this record relating thereto, or from the manner of the submission of the issues to the justice, that the general finding in the judgment for the plaintiffs necessarily precludes or concludes the offset. The court may have found that the plaintiffs were entitled to recover the full sum of $200 damages for which they sued and deducted therefrom $50 on account of the offset. Or he may have found that plaintiffs had established damages to the extent of $150 only, the amount of the judgment, and against the offset or entirely forgotten it. But this is all wholly uncertain and conjectural, whereas the law contemplates that it shall be reasonably certain.

Revised Statutes, arts. 1642 and 1643, read: "When the case has been tried by the justice without a jury, he shall announce his decision in open court and note the same in his docket, and shall proceed to render judgment thereon.

"The judgment shall be recorded at length in the justice's docket, and shall be signed by such justice. It shall clearly state the determination of the rights of the parties in the subject-matter of controversy and the party who shall pay the costs, and shall direct the issuance of such process as may be necessary to carry the judgment into execution."

We conclude that the judgment under consideration does not "clearly state the determination of the rights of the parties in the subject-matter of controversy," and hence that it is not final. While this holding may seem to conflict with the cases of Lewis v. Smith, 43 S. W. 294, Bemus v. Donigan, 18 Tex. Civ. App. 125, 43 S. W. 1052, and other cases cited in behalf of appellees, it accords with the well-considered case of Sapp v. Anderson, 135 S. W. 1068, by the Court of Civil Appeals for the Third District, and with the cases of Van Champan v. Warden, not for publication, No. 5,324; Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061; Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 837, and other cases by this court, which Mr. King in his Conflicting Cases, Texas Civil Decisions, vol. 3, § 133, states is in line with the great weight of authority.

[2] It follows that an appeal from the justice's court was not available to appellant; appeals from the justice's court being allowable only from final judgments. Revised Statutes, art. 1668. And appellant having sought and been denied the correction of the judgment by the only authority authorized to do so, the justice of the peace, the district court should have perpetuated the injunction. See Cobbs v. Coleman, 14 Tex. 594 et note to case of Little Rock, etc., R. Co. v. Wells, 61 Ark. 354, 33 S. W. 208, 30 L. R. A. 564, 54 Am. St. Rep. 216.

It is accordingly ordered that the judgment of the district court be reversed, and that judgment be now here rendered for appellant, J. R. Lewis, perpetually enjoining in its present form the said judgment against him of the justice of the peace of precinct No. 1, Parker county.