BROWNE v. FECHNER et al.

(Court of Civil Appeals of Texas. San Antonio. May 28, 1913. On Motion for Rehearing, June 30, 1913.)

1. JUDGMENT (§ 256*)—VERDICT.
  While a judgment must conform to the verdict, it need not literally follow the verdict, but must be rendered in accordance with the disposition of the issues as made.
  [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. TRIAL (§ 343*)—VERDICT—CONSTRUCTION.
  The pleadings and charge may be looked to in order to ascertain the meaning of the verdict.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

On Motion for Rehearing.

3. APPEAL AND ERROR (§ 837*) — VERDICT — CONSTRUCTION.
  In construing a verdict, the appellate court cannot look to the evidence to determine upon what theory it was rendered.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. § 837.*]

4. TRIAL (§ 343*)—VERDICTS—CONSTRUCTION —AID BY IMPLICATION.
  Any facts arising by necessary implication from facts found by the jury will be considered as found by them so as to aid the verdict.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

5. TRIAL (§ 343*)—INFRINGEMENT OF RIGHT— VERDICTS—CONSTRUCTION.
  While a verdict should be given a liberal construction, the courts should be careful not to usurp the functions of the jury.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

6. TRIAL (§ 329*)—SUFFICIENCY OF VERDICT— FAILURE TO FIND ON ALL ISSUES.
  Plaintiff sued defendant upon a note which he had executed in favor of a firm of which plaintiff had been a member, it appearing that after the execution of the note plaintiff withdrew and received the note as part of the proceeds. Defendant set up that he had paid the note to the old firm after dissolution, and asked for judgment over against them for any amount which might be recovered against him. The court charged the jury that if defendant paid the note to the firm, and if at the time of payment it was owned by plaintiff, then judgment should be in favor of plaintiff, with a judgment over against the members of the old firm. The jury found for plaintiff alone, but expressed no finding on defendant's cross-action. Held, that as the court could not look to the evidence to determine whether the verdict had been rendered under the charge set out, the verdict will not support a judgment not disposing of all the issues submitted; there being no ground for an implication that the jury's silence was a finding that plaintiff had not paid the note.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

Appeal from Karnes County Court; C. L. Bell, Judge.

Action by R. H. Fechner and another against W. W. Browne, who cross-complained against Tewes & Richter. From a judgment against defendant Browne alone, he appeals. Reversed and remanded.

Searcy & Browne, of San Antonio, and M. B. Little, of Karnes City, for appellant. Williamson & Klingemann, of Karnes City, for appellees.

MOURSUND, J. R. H. Fechner and C. W. Rzeppa sued W. W. Browne upon a promissory note for $641.03, executed by the latter, payable to the order of Tewes & Richter, dated June 2, 1910, due September 1, 1911, bear-

ing 8 per cent. interest, and providing for attorney's fees. It was alleged that said note was given by Browne in payment for goods bought by him from Tewes & Richter prior to January 1, 1910; that at the time said goods were bought the firm of Tewes & Richter was composed of Ed Tewes, L. W. Stieren, C. W. Rzeppa, and R. H. Fechner; that such firm was dissolved January 1, 1910, but by mutual consent remained the joint owners and holders of the claims due said firm prior to January 1, 1910, and therefore became the joint owners and holders of said note; that on or about November 17, 1911, said Ed Tewes and L. W. Stieren transferred all their interest in said note to the plaintiffs; that the note was unpaid except to the extent of $132.60, paid July 1, 1910. Browne answered, with a general denial, and a plea of payment, containing substantially the following allegations: That it was understood and agreed at the time the note was given and thereafter during the cotton season of 1910, which lasted from about August 1, 1910, to December 1, 1910, by and between defendant and the firm of Tewes & Richter, said firm acting through L. W. Stieren, a member thereof, that for all cotton sold by defendant to Karnes City Ginning & Milling Company during said season the price to be paid for said cotton should be credited on the note sued upon, or upon whatever indebtedness was owing to said firm by defendant, for open account or otherwise; that defendant sold to said gin company, and delivered the gin slips to Tewes & Richter to be credited to defendant's account, during said cotton season, more than enough cotton to pay said firm all that was owing to them by defendant, whether on said note or upon open account, but that he was not given credit for said amounts; that he paid said firm $120 cash during said season; that defendant did not know who composed the firm of Tewes & Richter during the cotton selling season of 1910, or on June 2, 1910, or at the time of filing answer, and therefore prayed that the firm of Tewes & Richter be made a party defendant, and that citation issue for said firm, and if plaintiffs recovered any judgment against defendant, then that defendant have judgment for the same amount over against the firm of Tewes & Richter. Ed Tewes, L. W. Stieren, E. H. Schmuck, and O. H. Porter, composing the firm of Tewes & Richter on December 4, 1912, answered by a special exception, and a general denial. Plaintiff filed a supplemental petition, denying all allegations of defendant Browne's answer, and also filed a trial amendment alleging that Tewes & Stieren had transferred all their interest in the note to Fechner alone, instead of Fechner & Rzeppa, as alleged in their original petition. Upon trial the jury returned the following verdict: "We, the jury, find a verdict in favor of the plaintiffs, R. H. Fechner and C. W. Rzeppa, and against W. W. Browne, defendant, for

the amount of the note, less credit, with interest at 8 per cent., and 10 per cent. additional attorney's fees, making a total of $694.36." Judgment was thereupon entered for plaintiffs against Browne, and that the defendants Tewes & Richter go hence without day.

The judgment of the court is attacked by the first assignment, on the ground that the verdict made no disposition of the cause of action pleaded by Browne against Tewes & Richter, yet judgment was rendered in favor of said firm. The second assignment complains because the court accepted the verdict although same was insufficient, in not disposing of the issue between Browne and Tewes & Richter. The third assignment raises the same questions as the first and second.

[1, 2] The verdict does not make any express finding on the cross-action filed by Browne against Tewes & Richter, and appellees, in support of the action of the court in rendering judgment disposing of all issues, say that the verdict necessarily constituted a finding against Browne on his action against Tewes & Richter. While the judgment must conform to the verdict, it is well settled that it need not literally follow the verdict, but must be rendered in accordance with the disposition of the issues in the case as made by the verdict. The pleadings and charge may be looked to in order to ascertain the meaning of the verdict; that is, the intention of the jury.

The court instructed the jury, in substance, that if Browne executed the note, and plaintiffs were the owners thereof, and it was unpaid, except $132.60, then to find for plaintiffs for the amount due on the note, including interest and attorney's fees; that if they found that Browne paid the note, as alleged in his answer, to Tewes & Richter during the cotton season of 1910, and by paying $120 cash, then to find in favor of Browne; that if they found Browne did pay the note to Tewes & Richter and at the time of such payment it was owned and held by plaintiffs, then to find in favor of plaintiffs, and to further find for a like amount in favor of Browne over and against the firm of Tewes & Richter. The jury was required to return a verdict for Browne, if he paid the note to Tewes & Richter, unless at the time of payment plaintiffs were the owners of the note, in which event the jury was instructed to return a verdict for plaintiffs against Browne, and a verdict over for Browne against Tewes & Richter. The verdict was in favor of plaintiffs without any verdict over in favor of Browne. This we think must necessarily be construed as a finding that no payment was made to Tewes & Richter by Browne, because if such payment was made, and plaintiffs were not the owners of the note at the time, the jury was instructed to find for Browne, and if it was made at a time when plaintiffs owned the note, then

the jury was instructed to return a verdict over against Tewes & Richter in favor of Browne.

The verdict is elaborate, and indicates that the jury fully understood the charge of the court, and scrupulously sought to follow the same. As such a verdict was authorized if the jury found no payment to Tewes & Richter was made, and was only authorized in such event, we must conclude that the jury either so found, or omitted, in express violation of the charge of the court, to find a judgment over in favor of Browne. There being nothing to indicate a violation of the instructions, we think the verdict must be construed as a finding by necessary implication that no payment was made of the note, and therefore that Browne was liable to plaintiff and had no cause of action against Tewes & Richter. The verdict disposes of the issues and the parties, and was sufficient to support the judgment. Fox v. Robbins, 70 S. W. 601; McKenzie v. Barrett, 43 Tex. Civ. App. 451, 98 S. W. 231; Rushing v. Lanier, 51 Tex. Civ. App. 278, 111 S. W. 1090; Pearce v. Bell, 21 Tex. 692; Railway v. James, 73 Tex. 18, 10 S. W. 744, 15 Am. St. Rep. 743; Jones v. Ford, 60 Tex. 131.

No complaint is made of the charge, and we therefore assume it was satisfactory to appellant.

There is no merit in the other assignments of error.

The judgment is affirmed.

### On Motion for Rehearing.

[3] We are not permitted to look to the evidence in testing the verdict, as has been repeatedly held by our courts; and, while no issue is made by the pleadings of the parties regarding ownership by plaintiffs of the note during the cotton season of 1910, we are not permitted to find that no such issue was made by the evidence. Plaintiffs' petition shows that they, as members of the old firm of Tewes & Richter, each owned a one-fifth interest in the note during said cotton season, and one of them purchased the interests of the other partners in November, 1911. If the evidence corresponded to the pleadings, the jury doubtless were at some loss to understand the charge, but, as we are not allowed to aid the verdict by examining the evidence, we must consider the verdict as if there was evidence from which the jury could find ownership by plaintiffs at the time stated. When so considered, the question follows: Does the absence of a finding over in favor of Browne against Tewes & Richter necessarily show that the jury found Browne had not paid the note to any one? Paragraph 3 of the charge reads as follows: "But if you find from the evidence in this case that the defendant W. W. Browne did, as alleged by him, pay said note to the firm of Tewes & Richter, and at the time of such payment, if you say the same was paid, said note was owned and held by plaintiffs R. H. Fechner and C. W.

Rzeppa, then and in that event you should find in favor of plaintiffs for the amount due on said note, including principal, interest, and attorney's fee, less the sum of $132.60, as alleged by plaintiffs, has been paid on July 1, 1910. However, you shall not calculate interest on said $132.60 from and after January, and should you so find, you will further find for a like amount in favor of defendant W. W. Browne, over and against defendant the firm of Tewes & Richter, said firm being composed of the following parties, viz.: Ed Tewes, L. W. Stieren, E. H. Schmuck, and O. H. Porter, and so say by your verdict." The verdict was a general verdict for plaintiffs against Browne. As we cannot look to the evidence, we cannot say that the jury did not return it under the above paragraph, unless we so say because no verdict over accompanied the same.

[4] The question arises to what extent verdicts may be aided by implication. It is clear that any facts arising by necessary implication from facts found by the jury will be considered as found by the jury. The cases of Jones v. Ford, 60 Tex. 127, and McKenzie v. Barrett, 43 Tex. Civ. App. 451, 98 S. W. 231, are cases of that character. When we consider implications to be drawn from a failure to find facts, we experience much difficulty in determining to what extent we may go. In the case of Pearce v. Bell, 21 Tex. 692, it was held that a verdict for plaintiff for a sum of money authorized judgment for foreclosure of mortgages as well as for the debt. The principal portion of the debt was evidenced solely by a mortgage, so the court concluded that a finding for such debt necessarily constituted a finding in favor of the validity of the mortgage. The remainder of the debt was evidenced by a note and a mortgage, both attached to the petition and made part thereof, and the court said that, as only a general denial, not under oath, was pleaded, there could be no issue of their execution, and no objection to their admission on the ground of variance, and concluded that by examining the pleadings it was manifest the jury found in favor of plaintiff upon this mortgage as well as upon the note. The opinion does not show what the charge of the court was. It will be noted there was a plea in reconvention, but no complaint was made because the verdict did not specifically dispose of such plea.

In May v. Taylor, 22 Tex. 350, the suit was upon a note and mortgage, made a part of the petition. The court instructed a verdict for the debt, which being returned, judgment was entered for the debt and for foreclosure of the mortgage. The Supreme Court said: "The province of the verdict is to declare the facts upon which the judgment is to be predicated. The existence of the mortgage, as well as the note, was put in issue, and the entire omission of a finding upon the mortgage is fatal to the judgment, so far as it relates to the mortgage." In that case the

issue of foreclosure of the mortgage was not submitted to the jury. In the cases of Preston v. Breedlove, 45 Tex. 50, and Bedford v. Rayner, 13 Tex. Civ. App. 618, 35 S. W. 931, it was held that a verdict for the debt alone did not support a judgment for the foreclosure of the lien as well as for the debt.

In the case of Moore v. Moore, 67 Tex. 293, 3 S. W. 284, the jury returned a verdict in favor of defendant for half of the land claimed by him, upon which judgment was entered in favor of defendant for half of the land and in favor of plaintiff for the other half. This was held erroneous, the court saying: "It may be conceded that it matters not how a finding is expressed, so that the meaning of the jury is clearly tangible, and it may be that what is not expressed may be implied, provided the implication be a necessary deduction from that which is directly stated. There is no such irresistible implication in the verdict in this case. It may be that the court correctly interpreted the language of the jury, or it may be that they agreed only that defendant was entitled to one half of the land, and failed to agree upon the issues involving the question of title to the other half. As to the true construction of such a verdict, neither the lower court, nor this court, is permitted to speculate. The verdict must find all the issues made by the pleading in language which does not admit of mistake." This case has been often cited with approval upon the proposition laid down therein that the parties are entitled to have the jury pass upon all issues controverted by the pleadings, and, no matter if the evidence be undisputed upon issues not found, the court cannot render judgment without usurping in part the functions of the jury.

In the case of Railway v. Hathaway, 75 Tex. 557, 12 S. W. 999, the court said: "It is not difficult to make verdicts express the conclusions of the jury; and, while they may be liberally aided by the contents of the record, and enforced when, if so aided, there can be no uncertainty as to the intention of the jury, mere conjecture cannot be resorted to."

In the case of Ablowich v. Bank, 95 Tex. 431, 67 S. W. 79, the court instructed a verdict for plaintiff upon the note and mortgage unless they found for defendant upon another issue, and gave a form of verdict to be used if they found for plaintiff. The jury followed the form as far as it related to the debt, and omitted the part relating to the foreclosure of the mortgage. Judgment was entered for the debt and for foreclosure of the mortgage lien. The Supreme Court held this was error, saying: "When a jury has been demanded by either party, he is entitled to have every material issue made by the pleading and the evidence submitted to that jury, and the trial court cannot enter a judgment upon a verdict which fails to pass upon any material issue submitted to the jury, unless it be in case of a special verdict, which is provided for by statute." The court held that there was, not only nothing to indicate that the jury found for the foreclosure of the mortgage, but, on the contrary, by using a portion of the form given by the court, and deliberately omitting the remainder, they decided against giving plaintiff a foreclosure of his mortgage. The verdict itself, by reason of its form, furnished conclusive evidence that the issue of foreclosure of mortgage lien was intentionally omitted, and the court held this to constitute a finding against the mortgage. Had the verdict not followed the prescribed form, there would be nothing upon which to base the theory that the jury considered and decided against the foreclosure of the mortgage except the refusal to obey the charge of the court to find for such foreclosure. If such refusal alone constitutes a finding against the lien, then in all cases in which the jury is instructed that, if they found for plaintiff upon the debt, to also find for foreclosure of lien, a refusal to find the lien will likewise constitute a finding against the lien. We are of the opinion that when there is nothing to indicate that the disregarding of the charge was intentional, it would be dangerous to give to the failure to find upon the issue of foreclosure of lien the effect of a finding against the lien, instead of treating it as a failure to pass upon the issue. The case of Ablowich v. Bank is referred to in the cases of Martin v. Berry Bros., 87 S. W. 712; Morrill v. Bosley, 40 Tex. Civ. App. 7, 88 S. W. 523; City of Ft. Worth v. Williams, 55 Tex. Civ. App. 292, 119 S. W. 137. In the first two cases the failure to find for the lien is simply referred to as not sufficient to support a judgment of foreclosure, but it is not held that it would constitute a finding against the lien under the facts of those cases.

In the case of Ellis v. Littlefield, 41 Tex. Civ. App. 318, 93 S. W. 171, it was held that where, in a suit on a note, the court charged that before the jury could find for plaintiff, they must find against defendants, on their plea in abatement, a verdict in plaintiff's favor on the note necessarily constituted a finding against defendants on such plea in abatement. A form for each verdict was furnished the jury. The verdict found by the jury was by express direction given the same meaning as if they had found specifically against defendants' plea in abatement. See, also, Taylor v. Ry. Co., 80 S. W. 261; Black v. Feeney, 137 S. W. 1161.

In the case of Fox v. Robbins, 70 S. W. 601, it was held that where the court instructed the jury in case they found there was no assumption of a debt to so state in their verdict, and the verdict was silent on the issue, it included a finding that the debt was not assumed. This decision is later than the Ablowich v. Bank Case, and a writ of error

was denied. This case virtually holds that silence on the part of the jury may be given the effect of an affirmative finding, if the court instructs the jury that such effect will be given to their failure to find on an issue.

In the case of Carter v. Bolin, 30 S. W. 1085, in which it afterwards developed that the verdict was incorrectly copied into the transcript, Judge Key stated the facts substantially as follows: Carter sued Joe Bolin as maker, and J. P. Bolin as indorser, on five negotiable vendor's lien notes, asking for foreclosure of lien. Mrs. J. P. Bolin intervened, claiming the land as her separate property, and asking that the deed by her husband to Joe Bolin be canceled, and title vested in her. Carter pleaded he was a bona fide purchaser of the notes without notice of Mrs. Bolin's rights. The court said: "As the case was submitted to the jury, a verdict could have been rendered awarding the land to Mrs. Bolin, and also finding for the plaintiff, Carter, against J. P. Bolin and Joe Bolin for the amount of money shown to have been due by the face of the notes; because a charge was given instructing the jury that if they believed from the evidence that at the time of the execution and indorsement of the notes J. P. Bolin and Joe Bolin knew that the land described in said notes was the separate property of Mrs. Frances T. Bolin, and with such knowledge executed and indorsed said notes, said J. P. Bolin and Joe Bolin would be estopped from setting up the failure of consideration, and, if the jury so found, they should find for the plaintiff the amount sued for. The verdict of the jury reads as follows: 'We, the jury, find for the intervener as against the plaintiff, H. G. Carter, and Joe Bolin, defendant. [Signed] E. F. McCreary, Foreman.' On this verdict the court not only rendered judgment in favor of Mrs. Frances T. Bolin, awarding to her the land, and canceling the deed from J. P. Bolin to Joe Bolin, but adjudged and decreed that the plaintiff, H. G. Carter, 'take nothing by his suit against the defendants, J. P. Bolin and Joe Bolin, and as to said Carter said defendants go hence without day, and recover of said Carter all costs by them in this behalf incurred, for which they may have their execution.' This part of the judgment is not supported by the verdict, and for that reason we reverse the case." Judge Key, in this case, expresses doubt of the correctness of the cases of Railway v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743, and Kinkler v. Junica, 84 Tex. 116, 19 S. W. 359, and says: "On this subject it is believed that the correct rule is that where the finding of the jury, under the issues submitted to them, could not possibly have been arrived at without also finding a fact not expressed, but necessarily included in the verdict, the verdict may be construed as finding such other fact, and judgment may be rendered accordingly, but that this is the extent and limit of intendments on the subject."

In the case of Oklahoma City & T. Ry. Co. v. Magee, it was held that a verdict finding only for damages for plaintiff, in a suit of trespass to try title and for damages, did not authorize a judgment for plaintiff for the 56-foot strip not disclaimed by defendant. It appears to us that if the damages had been claimed upon the 56-foot strip alone, the verdict for same would necessarily carry with it the finding that plaintiff was entitled to recover the land, but if the damages might have been awarded as accruing to the land disclaimed by defendant, the finding for damages would not imply a finding that plaintiff was entitled to the 56 feet. In the opinion it is said: "The question of title to the 56 feet was then an issue under the pleadings, and if it be conceded, as it may, that the court did not err in instructing the jury that plaintiff had title to the land, nevertheless there was no finding by the jury in obedience to such instruction, without which the court is powerless to enter judgment. The court may instruct a verdict, but he cannot return one." 132 S. W. 902.

In the case of Williams v. Smith, 98 S. W. 916, the court said: "It is definitely settled by the decisions that, where a general verdict has been returned by the jury, such verdict must constitute the basis of the judgment. In such case 'the court cannot look to the evidence on which the verdict was found in order to determine what judgment to render, but must look alone to the verdict, for it is upon that which the jury have found, not what they might or ought to have found, that the court proceeds to render judgment.'"

In the case of Hedrick v. Smith, 146 S. W. 305, the jury returned a verdict in favor of defendant for each item of his plea in reconvention, and failed to mention plaintiff's claim for rents. It was held that the verdict did not dispose of all the issues. The opinion does not show what instructions were given the jury.

In the case of Prichard Rice Milling Co. v. Jones, 140 S. W. 817, a verdict for plaintiff was held by this court to dispose of defendant's cross-action adversely to defendant, in view of the charge of the court. See, also, Bemus v. Donnigan, 18 Tex. Civ. App. 125, 43 S. W. 1052; Crain v. Ins. Co., 56 Tex. Civ. App. 406, 120 S. W. 1098.

In the case of McGrew v. Norris, 140 S. W. 1143, it was held that a verdict reading, "We, the jury, find against plaintiff for defendant on his counterclaim the sum of $100.00," did not dispose of the issue of plaintiff's claim. In Knox City Milling Co. v. Bank, 141 S. W. 134, a verdict for plaintiff for amount prayed for in his petition was held not to dispose of the counterclaim.

[5] It will be seen from the foregoing review of cases that the courts have experienced great difficulty in determining when ver-

dicts dispose of the issues in a case. The rule laid down in Moore v. Moore has not always been followed. In many cases silence with respect to an issue has been given the effect of a finding upon the issue in view of the verdict found and the nature of the charge. While realizing the trend towards liberal views on the subject, we must be careful not to usurp the functions of the jury. In this case the verdict can only be held to dispose of the cross-action of Browne against Tewes & Richter upon the theory that the failure of the jury to find a verdict over shows conclusively that the verdict actually returned was not found on the issue submitted in the third paragraph of the charge. If the jury found the verdict under that paragraph, they disregarded the instructions of the court in not also finding a verdict over. There is nothing in the language of the verdict, as far as it goes, to indicate under which paragraph of the charge it was arrived at. The charge does not inform the jury that, if they fail to find a verdict over, such failure will be given the effect of finding that the verdict was arrived at under the other paragraphs of the charge. The failure to find a verdict over may have been because the jury found for plaintiff under the theory that Browne had not paid any one, but we do not know such to be the case by examining the pleadings, charge, and verdict. We can only say the jury ignored or overlooked the instruction, or it found for plaintiff under other paragraphs of the charge. There is nothing to indicate that the failure to find a verdict over was intentional. It may have been by inadvertence; the provision in the charge for verdict over may have been overlooked. When there is nothing to indicate that a matter was considered and intentionally omitted, we believe the safe rule is to hold that such omission is a failure to find on the issue.

[6] True, there is only a short step between the holding in the Ablowich Case, to the effect that where a verdict by its language shows a deliberate refusal to find for plaintiff on an issue, it is to be taken as a finding for defendant, and holding that the same effect will be given a verdict, which, not by its language, but by disregarding the charge of the court, indicates a refusal to find for plaintiff upon an issue. It is also difficult to see any difference in principle in holding silence to be an affirmative finding because the court says it will be so considered and a holding that silence upon an issue will be taken as a finding where the court instructs the jury to make a certain finding, but does not tell them what effect will be given their failure to so find. While in one case the jury is warned what effect will be given to their silence, yet in either case a presumption must be indulged that the jury did not inadvertently omit to consider and pass upon the issue. The giving to silence upon an issue the force and effect of a finding is fraught with some danger of leading to the sustaining of verdicts upon conjecture or speculation, when issues may have been merely inadvertently overlooked, or have been disagreed upon. In this case the verdict omits all mention of the cross-action, and, there being nothing to show that such omission was intentional rather than inadvertent, we conclude that we erred in holding the same sufficient.

Questions like this could be avoided if the trial courts would, upon the return of a verdict not disposing of the issues, proceed as indicated in article 1981 of Revised Statutes of 1911.

The pleadings in this case made the issue whether Browne was authorized by Stieren, a member of the old firm, to pay the note to the new firm, and the evidence was conflicting, plaintiffs contending that no such authority was given, and that Browne knew that one of the members of the old firm, not in the new firm, was collecting the debts due the old firm. This issue was not submitted to the jury. If plaintiffs admit that payment to the new firm was payment of the note, then no further necessity exists for keeping the new firm in the case.

Appellant's motion for rehearing is granted, the judgment affirming the case is set aside, and the judgment of the trial court is reversed, and the cause remanded for a new trial.