## DR. J. RIDDLE v. R. B. BEARDEN.

### Decided May 14, 1904.

**1.—Judgment—Finality—Cross-Action.**

Where plaintiff sued for damages for malicious prosecution and the defendant by cross-action asked for damages for an alleged libel that formed the basis of the criminal prosecution, a judgment rendered in plaintiff's favor without disposing of the cross-action was not a final judgment from which an appeal could be taken.

**2.—Same.**

The question of whether defendant's counterclaim was properly pleaded in the suit is not determined here. It was pleaded by him, and until the issue thus raised is in some way disposed of the judgment in the case is not final.

Appeal from the District Court of Palo Pinto. Tried below before Hon. Jerome C. Kearby, Special Judge.

*H. E. Bradford* and *J. T. Ranspot,* for appellant.

SPEER, ASSOCIATE JUSTICE.—Appellee instituted this suit in the District Court of Palo Pinto County to recover damages against the appellant for alleged malicious prosecution. The appellant answered denying liability, and by cross-action sought to recover from appellee actual damages for an alleged libel, the criminal prosecution for which libel formed appellee's basis for recovery herein. A trial was had before a jury, and resulted in a verdict and judgment for appellee for $3 actual and $20 exemplary damages, the court for some reason refusing to submit to the jury the cross-action of appellant.

We are not at liberty to review the questions presented by appellant in his assignments of error, inasmuch as there appears to be no final judgment rendered in the case.

Upon the verdict of the jury awarding damages upon appellee's demand as aforesaid, the court entered the following judgment: "Wherefore it is ordered, adjudged and decreed by the court that the plaintiff, R. B. Bearden, do have and recover of the defendant, Dr. J. Riddle, $3 as actual damages, and $20 as exemplary damages, and his costs of this suit, and that he have his execution and it is so ordered." No disposition whatever was made of appellant's counterclaim. Until this has been done there is no such final judgment as will support an appeal to this court.

We shall not pause to determine nor even to consider whether appellant's counterclaim was properly pleaded in this suit. It was pleaded by him, and until the issue thus raised is in some manner disposed of the judgment of the District Court lacks the essential element of finality. Clopton v. Herring, 26 S. W. Rep., 1104; Kirby v. Linn, 34 S. W. Rep., 169; Linn v. Arambould, 55 Texas, 611; Texas & P. Ry. Co. v. Fort Worth Street Ry. Co., 75 Texas, 82.

The appeal is dismissed.

*Dismissed.*