## HARPER v. DAWSON.

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1911.)

1. APPEAL AND ERROR (§ 612*)—RECORD—TRANSCRIPT—CERTIFICATION.

Under Sayles' Ann. Civ. St. 1897, art. 1411, requiring the transcript to contain a full and correct copy of all the proceedings save in specified cases, and article 1416, requiring the clerk to certify to the correctness of the transcript and providing that such certificate shall state whether it be a transcript of all the proceedings or not, a clerk's certificate that a transcript is a true and correct copy of all the proceedings had is sufficient, and is not objectionable because failing to state that the same is a full copy.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2694–2701; Dec. Dig. § 612.*]

2. APPEAL AND ERROR (§ 80*)—FINAL JUDGMENT—NECESSITY.

An appeal must be dismissed for want of a final judgment when neither the verdict nor the judgment disposed of the cross-action of the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429–509; Dec. Dig. § 80.*]

Appeal from Coke County Court; G. S. Arnold, Judge.

Action by L. Dawson against F. L. Harper. From a judgment for plaintiff, defendant appeals. On motion to dismiss appeal. Appeal dismissed.

V. O. Key, for the motion.

RICE, J. Appellee brought this action against appellant to recover a balance of $150, as well as for damages, amounting in all to $175, alleged to be due him for building a tank and dam on the land of appellant. Appellant replied by general denial and a counterclaim for damages, alleging that the tank was not built in accordance with the agreement, was never completed, and that he suffered damages on account of said delay in the sum of $150, which he pleaded in reconvention. There was a jury trial, resulting in a verdict in favor of appellee for the sum of $126.66, with interest. No disposition was made of appellant's plea in reconvention for damages, and judgment was rendered in behalf of appellee for $126.66, from which this appeal is prosecuted.

[1] Appellant has filed his brief, urging various grounds for reversal; but appellee has filed his motion to dismiss this appeal, on the ground that the transcript is not certified to, as required by law, in that the clerk's certificate does not show that the same is a full, true, and correct transcript of all the proceedings had in the cause; and, second, because this court has no jurisdiction of this appeal for the reason that the verdict and judgment of the court below is not final, in that it does not dispose of all the issues in the case.

While it is true that article 1411, Sayles' Rev. Civ. Stat. 1897, provides that the transcript shall contain a full and correct copy of all the proceedings had in the cause, except in cases mentioned in articles 1412, 1413, and 1414 with reference to agreed cases, yet article 1416, prescribing what the clerk's certificate shall contain, requires that the clerk shall certify to the correctness of the transcript and sign the same officially, with the seal of the court attached; and further provides that such certificate shall state whether the same be a transcript of all the proceedings in the case, or a transcript as provided for in articles 1412, 1413, and 1414. Now it will be observed that the certificate in this case does in fact state that the same is a true and correct copy of all the proceedings had in said cause in said court. It is evident if it is a true and correct copy of all the proceedings it must be a full copy of such proceedings, and the certificate in the present case literally complies with the statute, for which reason the first ground of said motion is overruled.

[2] But with reference to the second ground urged in the motion it must be observed that, notwithstanding the fact that appellant in the court below, in addition to his general denial, sought to recover damages by way of cross-action against appellee, and the record shows that evidence was offered in support thereof and the court submitted this issue to the jury, yet neither the verdict nor the judgment undertakes to dispose of the same. This being true, under the authorities of Sapp v. Anderson, 135 S. W. 1068, where the question raised was fully discussed, Cook v. Baldwin, 136 S. W. 1154, Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061, and Linn v. Arambould, 55 Tex. 611, the judgment is not final, and therefore no appeal lies therefrom, for which reason it becomes our duty to dismiss the appeal. And, while this court has no jurisdiction to direct what course should be pursued in the court below, still, under the authority of Linn v. Arambould, supra, it would seem that the case must be retried there upon its merits; but this is made merely in the nature of a suggestion, as we have no jurisdiction to pass on any question except the motion to dismiss, which we have determined is well taken.

Appeal dismissed.