## McGREW v. NORRIS.

(Court of Civil Appeals of Texas. Austin.
Oct. 25, 1911.)

1. NEW TRIAL (§ 143*)—VERDICT—IMPEACH-
MENT OF VERDICT BY JURORS.

A verdict "against plaintiff for defendant
on his counterclaim the sum of $100" was suffi-
cient within itself, and the court had no right,
after the discharge of the jury, to receive affi-
davits by the jurors that they intended to find
for plaintiff for the full amount of his claim re-
duced by a set-off of $100 in favor of defendant.

[Ed. Note.—For other cases, see New Trial,
Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

2. TRIAL (§ 329*)—VERDICT—CONFORMITY TO
ISSUES.

In an action for the price of goods sold in
which defendant set up a counterclaim, a verdict
"against plaintiff for defendant on his counter-
claim the sum of $100" does not support a
final judgment for defendant, since it does not
dispose of all the issues.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 774–782; Dec. Dig. § 329.*]

3. PRINCIPAL AND AGENT (§ 183*)—ACTION—
RIGHT OF ACTION BY AGENT.

A defendant, in an action for the price of
roofing, who is shown to have purchased all but
a small part of the roofing for a principal who
used it and paid for it, has no such interest or
cause of action as will support a cross-action
to recover damages to the principal from a de-
fect in the roofing.

[Ed. Note.—For other cases, see Principal and
Agent, Cent. Dig. §§ 691–700; Dec. Dig. §
183.*]

4. PRINCIPAL AND AGENT (§ 185*)—ACTION—
DEFENSE AS TO ACTION BY AGENT — EVI-
DENCE.

Where roofing is sold to one who receives
and pays for a part of it, which part is used by
a third person for whom he was acting as agent,
the purchase price of the part so used cannot be
considered in a cross-action claiming damages
for defects in the roofing.

[Ed. Note.—For other cases, see Principal and
Agent, Dec. Dig. § 185.*]

5. EXCEPTIONS, BILL OF (§ 31*)—APPROVAL OF
TRIAL COURT.

Where a bill of exceptions upon which an
objection to the admission of evidence is based is
not approved by the trial court, an assignment
complaining of the admission of such evidence
cannot be considered.

[Ed. Note.—For other cases, see Exceptions,
Bill of, Cent. Dig. § 36; Dec. Dig. § 31.*]

Appeal from Hill County Court; Horton
B. Porter, Judge.

Action by W. T. McGrew against J. M.
Norris. Judgment for defendant on a coun-
terclaim, and plaintiff appeals. Reversed and
remanded.

Luther Nickels, for appellant.

RICE, J. Appellant, a dealer in lumber
and hardware, having sold appellee on ac-
count certain lumber and builders' hardware,
including paper roofing, upon part of which
payment had been refused, brought this ac-
tion to recover a balance of $84.90. Payment
thereof was resisted by appellee, among oth-
er things, on the ground that said paper roof-
ing was warranted by appellant to be water-

proof, but the same was defective and would
not turn water, whereby he had been dam-
aged in the sum of $199, which he sought
to recover by way of cross-action against
appellant. Upon trial in the justice's court
there was a judgment in favor of appellee
on his cross-action in excess of plaintiff's
demand for $115.04, from which judgment
appellant appealed to the county court.

In the county court appellee amended,
pleading a failure of consideration of said
account by reason of the alleged worthless-
ness of said roofing, as well as for damages,
asking judgment against appellant in the sum
of $200. Appellant, answering this cross-
action in the county court, averred that the
same was untrue, that no warranty was made
by him of said roofing, but, if it should be
held that such warranty was made, then
there had been no breach thereof by appel-
lant, but that the defects in appellee's roof,
if any, and the damages arising therefrom,
were caused by his failure to put the same on
in accordance with directions and specifica-
tions furnished by appellant and the manu-
facturers of said roofing to appellee, which
directions and specifications and an adher-
ence thereto were a part of the contract of
warranty, if any. Appellant likewise alleged
that 45 squares of the roofing in question
were not in fact sold to appellee, but to a
third party, for whom appellee was agent,
and were not used by him, but were used
by said third party, and therefore the dam-
ages arising therefrom, if any, belonged to
said third party, and not to appellee. Upon
trial in the county court, the following ver-
dict was rendered: "We the jury find against
plaintiff for defendant on his counterclaim
the sum of $100." Whereupon judgment was
rendered in favor of appellee against appel-
lant for said amount, from which this ap-
peal is prosecuted.

There was a motion for new trial, to which
was appended the affidavit of each of the
jurors trying said cause, to the effect that
the verdict so rendered was not their verdict,
and that the same did not express their true
intention, but that they really found and
agreed to a verdict to the effect that appel-
lant should have a judgment against appel-
lee for the full amount of his claim with
interest, and that appellee should have judg-
ment over against the appellant for the sum
of $100 upon his counterclaim, and that these
amounts should be set off against each other.
This motion was overruled by the court, and
the appellant has brought the case up for
review.

It is urged, first, that the court erred in
not setting aside the verdict and judgment
rendered in this cause, because said verdict
was not the true verdict arrived at by said
jurors, as shown by their affidavits. The
second assignment challenges the correctness

of the judgment of the court on the ground that the verdict rendered by the jury does not support a final judgment, for the reason that the same did not dispose of all the issues presented by the pleadings.

[1] The first assignment is not well taken for the reason that the verdict upon its face is sufficient within itself, and the court would have no right, after the discharge of the jury, to consider or hear any affidavit made by them in any way impeaching the verdict. A jury cannot be recalled and allowed to change the substance of their verdict after they have been discharged. Salinas v. Stillman, 25 Tex. 18; also, Denison & P. S. Ry. Co. v. Giersa et al., 50 S. W. 1039, where the doctrine announced in the first case was cited and approved.

[2] But the second assignment is well taken. It has been uniformly held in this state that no final judgment can be rendered upon a verdict which does not dispose of all the issues raised by the pleadings and sustained by the evidence. In the present case, notwithstanding the record shows that there was evidence offered, both by the plaintiff and the defendant, sustaining the issues presented in their respective pleadings, still the verdict only disposed of the issue raised by the cross-action, being silent as to the issue raised by the plaintiff. This being true, it was error to have rendered judgment upon the verdict. In G., C. & S. F. Ry. Co. v. Stephenson et al., 26 S. W. 236, a judgment in behalf of the plaintiff, but which failed to dispose of affirmative matters set up by the defendant in his cross-bill, was held bad, for the reason that it failed to dispose of all the issues presented by the record; Chief Justice Fisher saying, among other things, that: "The rule is well settled in this state that in order for the judgment to be final, it must dispose of the issues presented. The judgment of the justice court did not dispose of the issue raised by the plea in reconvention or cross-bill, nor was this issue acted upon in any way by that court. This was essential to be done in order that the judgment rendered by the justice may be final." The principle above announced is clearly applicable to the point here presented. See, also, Harper v. Dawson, 140 S. W. 385, opinion rendered by this court October 18, 1911, not yet officially published; Sapp v. Anderson, 135 S. W. 1068; Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061; Linn v. Arambould, 55 Tex. 611. See, also, article 1333, Rev. Civ. St. as amended by Laws 1899, p. 190; also, article 1335, Id.

[3] The third assignment assails the judgment on the ground that the evidence disclosed that a third party, to wit, one Hammer, and not the defendant, was and is the true legal owner of a major portion of the cause of action set out in appellee's cross-bill, and that the defendant's interest therein, if any, was and is therefore much less than the judgment rendered for him. It will be recalled that plaintiff in his pleadings alleged that 45 squares of the roofing delivered by him to appellee was not in fact sold to him, but to one Hammer, for whom appellee was agent, and that said roofing was used by said Hammer and not by appellee. The evidence sustains this allegation, and showed, in addition, that Hammer had paid for this roofing and had used the same upon his own buildings; for which reason appellee was not entitled to recover, even though the same was shown to be defective and Hammer had been damaged by reason thereof, for the reason that the cause of action did not belong to him but to Hammer, and could not be asserted by him against plaintiff. See Tinsley v. Dowell, 87 Tex. 27, 26 S. W. 946; Le Master v. Dalhart Real Estate Agency, 121 S. W. 185. See, also, Mechem on Agency, § 753; Storey on Agency, § 391; Railway Co. v. Stockton, 15 Tex. Civ. App. 145, 38 S. W. 647; May v. Slade, 24 Tex. 206. Wherefore we sustain this assignment.

[4] For the same reason we sustain the fourth assignment, which urges that the court erred in refusing to submit a special charge asked by the appellant to the effect that, if the jury believed from the evidence that in receiving and paying for the 45 squares of roofing which were placed upon the building owned by Hammer, appellee, Norris, was acting for said Hammer as agent, "you are instructed that in that event you cannot consider the purchase price of said 45 squares of roofing in making your verdict." This charge, we think, was the law of this feature of the case as made by the pleadings and the evidence, and should have been given.

[5] The fifth assignment complains of the admission of evidence relative to the condition of the roofing placed upon the Hammer building. This assignment cannot be considered for the reason that the bill of exceptions upon which the objection is based has not the approval of the court. This evidence, we might add, was probably admissible bearing upon the issue as to the defective quality of the roofing sold to appellee for his own building, but for no other purpose.

On the trial appellant offered the printed instructions furnished by him to appellee, directing how to put on the roofing. This was excluded by the court; but, since the bill of exceptions upon which this ruling is predicated is not approved by the trial court, the point raised cannot be considered.

We likewise disregard the seventh assignment for the same reason.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.