### BRADEN v. RHYNE et al. (No. 1490.)

(Court of Civil Appeals of Texas. Texarkana. May 20, 1915.)

APPEAL AND ERROR ⟨⟩80—JUDGMENTS APPEALABLE—FINALITY OF DETERMINATION.

Plaintiff filed a bill to require B. and R. to interplead as to the ownership of money in plaintiff's possession. Each defendant alleged his claim to the money, and B. further alleged that his intestate and R. were partners in the cattle business immediately preceding his intestate's death, and that during his intestate's illness and after his death R. wrongfully converted cattle of the partnership to his own use. He prayed for an accounting and judgment against R. The court rendered judgment in favor of R. for the money in plaintiff's possession, except a small amount awarded to a third party who intervened, but made no disposition of B.'s suit for an accounting and for the conversion. Held, that the judgment was not final and was not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. ⟨⟩80.]

Appeal from District Court, Marion County; H. F. O'Neal, Judge.

Bill of interpleader by the Texas & Pacific Railway Company against L. G. Braden, administrator, and others. From a judgment against him, Braden appeals. Appeal dismissed.

J. H. Benefield, of Jefferson, for appellant. T. D. Rowell and W. L. Grogan, both of Jefferson, for appellee.

WILLSON, C. J. Alleging that it had in its possession $857.60 which belonged either to appellant as administrator of the estate of Ed Jones, deceased, or to appellee Rhyne, the Texas & Pacific Railway Company by a bill of interpleader sought to have those parties interplead and litigate between themselves the question as to which one of them owned the money. Appellant and Rhyne interpleaded, each setting up the facts on which he relied to support his claim to same; and appellant, in addition, alleged that his intestate and said Rhyne during the two years immediately preceding his death were partners in the cattle business, that at the time of his intestate's last illness and after his death said Rhyne wrongfully converted to his own use cattle belonging to himself and said intestate, to the damage of the latter's estate in the sum of $10,000, for which, as well as for an accounting by said Rhyne, appellant as such administrator prayed judgment against said Rhyne. R. R. Taylor intervened in the suit, alleging that he owned $100 of the $857.60. The judgment appealed from was in favor of Rhyne for $757.60 of the sum and in favor of Taylor for $100 thereof. No disposition was made by the court, in the judgment rendered, of appellant's suit as administrator against Rhyne for an accounting and for damages for the conversion alleged. Therefore the judgment is not a final one.

As this court, for that reason, has no jurisdiction of the appeal, it is dismissed. Linn v. Arambould, 55 Tex. 611; Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061; Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 840.