YERBY et al. v. HEINEKEN & VOGELSANG et al.    (No. 6050.)

(Court of Civil Appeals of Texas. Austin. Feb. 19, 1919. Rehearing Denied April 2, 1919.)

1. APPEAL AND ERROR ⬅79(1) — JUDGMENT REVIEWABLE—"FINAL JUDGMENT."

In action on an account, where the account was assigned during pendency of action, and assignee was permitted to intervene, and thereafter prosecute the suit, and where amended petition, though including original plaintiff as a nominal party, alleged that the account had been assigned for a valuable consideration, judgment for interveners without formally dismissing the action as to plaintiffs or reciting that plaintiffs take nothing by the action was a "final judgment," and appealable as such, since the original plaintiffs admitted by the amended petition that they were not the real parties in interest.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Final Judgment.]

2. APPEAL AND ERROR ⬅80(6) — DECISIONS APPEALABLE—FINAL JUDGMENT.

In action on an account, where defendant counterclaimed for balance in his favor, but in open court admitted balance in favor of plaintiffs, and merely disputed one item, judgment against defendants, but failing to dispose of or eliminate the cross-action, was a final judgment, and appealable as such; the defendants by such agreement having abandoned their claim and waived their cross-action.

3. JUDGMENT ⬅526—EFFECT—COUNTERCLAIM —DISPOSAL OF.

In an action on an account, judgment rendered against defendants for the exact amount claimed in petition without expressly disposing of a counterclaim is necessarily a finding against the counterclaim, and in legal effect disposes of counterclaim.

4. COSTS ⬅83 — PERSONS ENTITLED — ASSIGNEES.

Where an account is assigned pending action thereon, and assignee is permitted to intervene and prosecute the suit, the assignee upon recovering judgment is entitled to costs.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Action by Heineken & Vogelsang and others against J. J. Yerby, in which Sorrels & Co. were permitted to intervene. From judgment for interveners, defendants appeal. Affirmed.

Doss & Baugh and M. C. Smith, all of Ballinger, for appellants.

Jno. I. Guion, of Ballinger, and Alex F. Weisberg and Thompson, Knight, Baker & Harris, all of Dallas, for appellees.

BRADY, J. This suit was originally brought by Heineken & Vogelsang against appellants, Rasbury and Yerby, upon an account consisting of a number of items growing out of the same transaction, wherein Heineken & Vogelsang, as brokers, sold for appellants a certain lot of cotton to a firm in Bremen, Germany. The account sued on was shown as an exhibit to the petition, with the charges against appellants aggregating $86,575.61, and credits aggregating $84,996.-57, leaving an amount claimed by plaintiffs of $1,580.04. Appellants answered by general denial, and specially denied several items in the account, and pleaded that, instead of their being indebted to Heineken & Vogelsang, the latter were really indebted to them in approximately the sum of $1,000 on several items arising out of the same transaction.

During the pendency of the suit, Sorrells & Co., appellees, having acquired by transfer and assignment the causes of action sued upon by Heineken & Vogelsang, filed an application for leave to intervene, to adopt plaintiffs' pleadings, and to prosecute the suit. This application was granted by the court, and appellees expressly given the right to intervene and prosecute the suit, as shown by the order of the court contained in the record. To this order there was no objection or exception by either of the parties, and no appeal therefrom has been taken.

Thereafter, on March 19, 1918, there was filed plaintiffs' first amended original peti-

tion, with Heineken & Vogelsang formally styled the plaintiffs, and Sorrells & Co., appellees, called interveners. In this pleading, upon which the parties went to trial, it was expressly alleged:

That on the 5th day of February, 1917, Sorrells & Co., appellees, "for a valuable consideration acquired and became the owners of all the causes of action herein sued upon, by a transfer and assignment from plaintiffs; that the interveners herein are now the owners of the causes of action sued on herein, and are entitled to prosecute this suit as such, and they hereby in all things adopt as their own the allegations herein contained."

The plaintiffs prayed for judgment as in the original petition, and intervener prayed judgment for the amount of its debt, interest, and costs, and for general relief.

On the trial of the case the undisputed evidence showed that Sorrells & Co., appellees, had acquired the causes of action originally sued upon by Heineken & Vogelsang, and were the owners of same, and the court's findings and conclusions are to the same effect.

At the conclusion of the evidence, appellants in open court agreed: That all of the items of debit and credit appearing in the exhibit attached to the amended petition, except the item of country damage, were correct, and specifically admitted the several items which in their pleading and cross-action they had denied, and in such agreement, in open court, they admitted:

"That the credits in favor of Rasbury and Yerby appearing on said Exhibit B are the true and *correct credits to which they are entitled;* that outside of the item of country damage said defendants J. J. Yerby and E. L. Rasbury are indebted to *O. J. Sorrells & Co. in the sum of $328.60, with legal interest;* that the item of country damage, which amounts to $1,251.18, with legal interest thereon, *is disputed between the parties herein.*" (Italics ours.)

It will be observed that the amount which appellants admitted they owed C. J. Sorrells & Co., together with the item of country damage, amounted to exactly the amount sued for by plaintiffs, and exactly the difference between the debits and credits in the account sued upon, and was the amount for which the court rendered judgment for appellees, Sorrells & Co.

The trial court found against appellants, and rendered judgment for interveners, Sorrells & Co., for the sum of $1,580.04, with interest.

From this judgment appellants have prosecuted this appeal, and in their brief they present two assignments of error, in which they present the proposition that this court should reverse and remand the case for a new trial, because the judgment below did not dispose of the plaintiffs Heineken & Vogelsang, and because the judgment did not dispose of the cross-action of appellants, and especially of the item of $408 included therein.

If the judgment appealed from or the orders of the court below did not dispose of the plaintiffs, or if the cross-action of appellants was not disposed of, this appeal would have to be dismissed, because there is no final judgment, and this court would be without jurisdiction to entertain the appeal, unless this court would have authority to reform the judgment under the pleadings and the situation of the case as shown by the record, a question which, in the view we have decided to take of the case, we need not decide. Martin v. Crow, 28 Tex. 614; Linn v. Arambould, 55 Tex. 611; Davis v. Martin, 15 Tex. Civ. App. 62, 53 S. W. 599; Britt v. Sweeney, 75 S. W. 933; Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061; *Partridge v. Wooten,* 137 S. W. 412; Harper v. Dawson, 140 S. W. 385; Cook v. Baldwin, 136 S. W. 1154.

However, we have concluded that the judgment below, in the light of the record and certain admissions of appellants on the trial, is final, and that the plaintiffs were disposed of, as was also the cross-action of appellants.

[1] The interveners became the owner of the causes of action sued upon by Heineken & Vogelsang pendente lite, and were given leave to intervene, and to thereafter prosecute the suit. It is true that in the amended petition subsequently filed the plaintiffs formally appeared therein, as well as the interveners, the appellees on this appeal; but in this very pleading it was expressly alleged by both plaintiffs and interveners that the latter had for a valuable consideration acquired and become the owners of all of the causes of action sued upon, and that they were entitled to prosecute this suit as such and they adopted as their own all the allegations of the amended petition. Therefore it appears of record and from the pleadings and orders of the court that after the filing of the intervention the original plaintiffs were but nominal parties to the suit. In our opinion, the plaintiffs were no longer real parties to the action, and the cause was thereafter tried between the real parties at interest, who were appellants and appellees. The effect of the allegations in the amended petition was the same as if the original plaintiffs had formally and expressly disclaimed further interest in the controversy, and the court's findings and conclusions are to the same result. That the parties themselves so treated the matter is shown by the admissions of appellants in open court, which we have stated above, in which it was admitted by them that they were "indebted to C. J. Sorrells & Co. in the sum of $328.60, with legal interest," and that the only disputed issue between them remaining was that of the item of country damage. Under these circumstances, we think we are authorized to

regard the plaintiffs as dismissed out of the suit, notwithstanding the judgment does not expressly so state, and the record does not show any formal dismissal or judgment that the plaintiffs take nothing by their suit. Gullett v. O'Connor, 54 Tex. 408; Carlton v. Krueger, 54 Tex. Civ. App. 48, 115 S. W. 619, 1178.

Upon the question whether the cross-action of appellants was disposed of below and in the judgment rendered, it is true that there is no formal recital in the judgment as to any disposition of this branch of the case, but we think the record and the judgment do show that such cross-action was necessarily disposed of and determined.

[2] Appellants' cross-action as pleaded was predicated upon the theory, and arose upon the averments, that when certain items in plaintiffs' account, the correctness of which was challenged, were eliminated, and certain credits claimed by appellants were allowed, there would be a balance of indebtedness in favor of appellants of about $1,000, all of the items embraced in the cross-action arising out of the same transaction as that sued upon. When the appellants in open court, as shown by the statement of facts, admitted the correctness of the items in plaintiffs' account, which they had by pleading denied, and further admitted that the credits appearing in the exhibit to plaintiffs' petition showed the true and correct credits to which appellants were entitled, and when they further agreed in open court that they were indebted to Sorrells & Co., appellees, in the sum of $328.60, with legal interest, and that only the item of country damage was in dispute between them, it is our opinion that they thereby waived their cross-action and abandoned any claim for affirmative relief, and that, when the trial court rendered judgment for appellees, as interveners, for the sum admitted to be due it, and also for the item of country damage, as claimed by it, it finally disposed of and eliminated the cross-action, including the item of $408, claimed in the cross-action as being the difference between the amount of the draft authorized to be paid by Heineken & Vogelsang and the amount of the draft as actually paid. The findings of the court are to the same effect, and no complaint whatever is made on this appeal against the correctness of the judgment in favor of interveners, but the attack is solely because of the alleged failure of the judgment to dispose of the plaintiffs and of the cross-action.

[3] Moreover, the amount for which the court rendered judgment in favor of interveners was the exact amount sued for and claimed in the petition, and under the rule now well established in this state, this was necessarily a finding against appellants' counterclaims, and in legal effect disposed of

and decided these matters against appellants.

[4] It follows from what we have said that both assignments must be overruled; and there is but one incidental question remaining to be considered. It is suggested in appellants' brief but without any assignment of error that interveners purchased the causes of action from plaintiffs during the pendency of the suit, and that therefore the cost of said intervention on the part of interveners should not have been taxed against appellants. We do not agree with this contention. Appellees had the right to make application to intervene, and upon being granted leave by the court, it took the place of plaintiffs in in the prosecution of the suit, with the right to recover costs if successful, unless otherwise decided by the court. The costs of the petition in intervention were as much costs properly taxable against appellants as if the suit had been dismissed and interveners had filed a new suit by original petition.

For the reasons above given, this case should be, and is, affirmed.

Affirmed.