## LEATH v. PRINCE. (No. 2505.)

(Court of Civil Appeals of Texas. Amarillo.
Dec. 9, 1925. Rehearing Denied
Jan. 6, 1926.)

1. **Appeal and error** ⬙880(3)—**Failure to enter judgment dismissing plaintiff from record held not error of which cross-defendant could complain.**

Where settlement had been made between plaintiff and defendant and plaintiff introduced no testimony, no issue between them was submitted or requested, and plaintiff made no motion for new trial and did not appeal, court's failure to affirmatively enter judgment dismissing plaintiff from record was not error of which cross-defendant could complain on his appeal.

2. **Judgment** ⬙253(2)—**Assignment of error in rendering judgment for interest not prayed for overruled.**

Where appellee alleged that, because of defendant's failure to pay stated sum to third party as agreed, appellant became liable to appellee for such sum with legal interest thereon, judgment which included interest was not fundamentally erroneous, as unwarranted by prayer.

3. **New trial** ⬙140(3)—**Refusal of new trial for newly discovered evidence held not error.**

Refusal of new trial for newly discovered evidence of witnesses in appellant's employ and present, as appellant knew, at time of conversation involved, *held* not error, especially in view of controverting affidavits that appellant stated he thought he did not need them.

Appeal from Clay County Court; J. F. Vaden, Judge.

Action by J. M. Perry against Tom Prince, who brought cross-action against O. B. Leath. Judgment for defendant against cross-defendant, and the latter appeals. Affirmed.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Cook, Spencer & Stacy, of Wichita Falls, and Wantland, Dickey & Glasgow, of Henrietta, for appellee.

JACKSON, J. This suit was originally instituted by J. M. Perry, plaintiff, in the county court of Clay county, against Tom Prince, defendant, to recover the sum of $300 alleged by plaintiff to have been paid to the defendant as a bonus for the privilege of renting a certain farm for the year 1924.

Plaintiff alleges that the defendant represented he had purchased the farm and was the owner thereof, but that in truth and in fact the defendant did not own the farm, and got his money by false and fraudulent representations, and that one Oliver Leath is the owner of the farm.

The defendant answered by general demurrer, special exceptions, general denial, and pleaded that he entered into a tentative agreement with Oliver B. Leath for the purchase of a certain farm in January, 1924, which farm had theretofore been rented by Oliver B. Leath to his father-in-law, J. M. Perry, who, in consideration of the use of said farm for 1924 paid this defendant $300; that thereafter this defendant paid and delivered to Oliver B. Leath a two-horse wagon which he accepted in full consideration for the rescission and cancellation of the contract to purchase the farm; that at the same time, this defendant realizing that he had no right to retain the $300 theretofore received from J. M. Perry for the rent of the farm, paid said sum to Oliver B. Leath, to be delivered by him to J. M. Perry unless the said Perry agreed that Leath might retain said money; that Leath refused to pay said sum, but claimed it was a part of the consideration for the cancellation of the tentative agreement to purchase the land, and, without notice, caused J. M. Perry to sue this defendant therefor and garnishee funds belonging to him in the Continental State Bank of Petrolia, and to secure a release of his funds in said bank, the defendant, who styles himself plaintiff in his cross-action against Oliver B. Leath, paid J. M. Perry $300; that by reason of the failure of Oliver B. Leath to pay J. M. Perry said sum of $300 as agreed, he became bound and liable to this defendant, plaintiff in the cross-action, in said sum with legal interest thereon, which, though often requested, he has failed and refused to pay.

Oliver B. Leath answered the cross-action of the defendant, Tom Prince, by general demurrer and special exceptions, general denial, and alleged that Tom Prince did agree in writing to purchase from him certain lands, and agreed to put up a forfeit of $800 in the First National Bank of Wichita Falls, Tex., to be surrendered in the event the deal was not closed as agreed; that thereafter he was advised by the defendant that he had leased the land to J. M. Perry for the sum of $300, and he also advised Leath that he did not want to consummate said deal, and by agreement he released the said Tom Prince from liability on the forfeit of $800, and canceled the agreement for the sale of the land for the consideration of $300 and a two-horse wagon, and that the $300 check given by the said Prince to him, together with the two-horse wagon, was a consideration for the cancellation of the contract for the purchase of the land; and asked that in the event the agreement for the cancellation of said sale was set aside, he be allowed to recover the $800 forfeit money.

Thereafter Oliver B. Leath filed his plea in abatement, stating that all matters in controversy between J. M. Perry and Tom Prince had been fully settled, paid off, and discharged, thereby satisfying the original cause of action between Perry and Prince,

which relieved Leath from further answering, and asked that the case be abated and dismissed.

At the conclusion of the evidence the case was submitted on one issue, in response to which the jury found that the wagon alone was the consideration for the cancellation of the contract for the purchase of the land; upon which finding the court entered judgment that Tom Prince do have and recover of the defendant, Oliver Leath, the sum of $300, with interest at the rate of 6 per cent. per annum from February 15, 1924, and all costs; but no disposition was made in the judgment of J. M. Perry.

[1] Appellant contends that the record discloses on its face fundamental error, for the reason that there was no judgment disposing of the cause of action of the original plaintiff, J. M. Perry, against the original defendant, Tom Prince. Tom Prince alleged that he had settled with J. M. Perry, and in his amended pleading styled himself plaintiff, and O. B. Leath, defendant. O. B. Leath, in his plea in abatement, alleged that all matters in controversy between J. M. Perry and Tom Prince had been fully settled, paid off, and discharged. J. M. Perry, who was a witness at the trial, testified that he and Tom Prince had settled and had the suit withdrawn. Tom Prince alleges that by reason of Leath's failure to pay J. M. Perry the $300 delivered to him for that purpose, he was compelled to pay said sum, and thereby O. B. Leath, as defendant, became liable to Tom Prince, as plaintiff, for said sum. The record discloses that the controversy between J. M. Perry and Tom Prince had been settled and satisfied before the case 'was called for trial, and that there was nothing left between them to be litigated. Mr. Perry introduced no testimony in support of any claim against Tom Prince; no issue between them was submitted to the jury, and none requested; he made no motion for a new trial, did not appeal, and is making no complaint in this court. Under this record, it is manifest that he was no longer a necessary or proper party to this suit, which fact was recognized by the court and the parties litigating the cross-action, and the failure of the court to affirmatively enter judgment dismissing him from the record was not error of which the appellant is entitled to complain. Moody v. Smoot et al., 78 Tex. 119, 14 S. W. 285; Yerby et al. v. Heineken & Vogelsang et al. (Tex. Civ. App.) 209 S. W. 835; Williams v. Kuykendall (Tex. Civ. App.) 136 S. W. 1158.

[2] The appellant asserts that the record discloses fundamental error because the court rendered judgment for a greater amount than sued for, in that the appellee did not pray for interest as damages. Appellee alleged that by reason of the failure

of appellant to pay J. M. Perry the $300 as agreed, the appellant became liable to pay him said sum, with legal interest thereon. This assignment is overruled.

[3] Appellant assigns as error the refusal of the court to grant him a new trial, because of newly discovered evidence, which would have probably changed the jury's finding, and that he had used all diligence to present his defense. The affidavits attached to appellant's motion for a new trial, which he claims shows newly discovered evidence, disclose that the witnesses from whom the newly discovered evidence could be had were both in the employ of appellant and were in a position to hear some of the conversation relative to the agreement for the cancellation of the contract for the purchase of the land, which occurred at appellant's residence. Appellant knew of the presence of these witnesses at the time of the conversation, and was required to exercise reasonable diligence to have learned what they knew relative to the transaction. In addition to this, by controverting affidavits, it is shown that appellant stated that he would have brought these witnesses, but he thought he would not need them. This assignment is without merit.

Finding no error in the record, the judgment is affirmed.